IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LARRY D. GASPER, etc.,           )
                                 )
            Plaintiffs,          )
                                 )
     v.                          )     No. 12 C 1728
                                 )
MEDX, LLC, et al.,               )
                                 )
            Defendants.          )

## MEMORANDUM ORDER

Defendants have filed their Answer and Affirmative Defenses ("ADs") to the First Amended Complaint ("FAC") brought against them by Larry Gasper ("Gasper") under the asserted auspices of the Fair Labor Standards Act ("FLSA"). This memorandum order is issued sua sponte to address a few problematic aspects of that responsive pleading.

First, Answer ¶¶8, 9 and 27 assert incorrectly that "no answer is required" as to allegations in the corresponding FAC paragraphs that are characterized as "legal conclusions." But Fed. R. Civ. P. ("Rule") 8(b)(1)(B) contains no such exception-- see also App'x ¶2 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Indeed, defense counsel really recognized as much when he properly responded to the quintessential legal conclusions as to jurisdiction (Answer ¶2) and venue (Answer ¶3). Hence the offending portions of Answer ¶¶8, 9 and 27 are stricken, but with leave granted to file a corrective amendment on or before October 29, 2012.

As for the ADs, any time that a court encounters a laundry list such as that advanced here (no fewer that 12 ADs) it is pretty certain that defense counsel is resorting to boilerplate assertions rather than adhering to the federal notice pleading concept that applies to defendants as well as plaintiffs. That certainly appears to be the case here--thus:

1. AD 1 refers to "[s]ome of the activities for which Plaintiff seeks compensation" as not being "work" for FSLA purposes. That type of amorphous assertion does little toward apprising Gasper's counsel and this Court of just what types of activity are challenged.

2. ADs 2, 3 and 5 are directly at odds with the already-denied allegation in FAC ¶21 and are therefore inappropriate under Rule 8(c) and the caselaw applying that Rule--and see also App'x ¶5 to <u>State Farm</u>.

3. AD 4, like AD 1, is insufficiently informative and needs to be fleshed out.

4. ADs 6 and 7 really address issues of potential proof rather than being defenses as such.

5. How can defendants know at this point that Gasper "has failed to mitigate his alleged damages"?

6. AD 10 is the essential equivalent of a Rule 12(b)(6) motion, which requires Gasper's allegations to be accepted as gospel. In those terms AD 10 is wrong, and it

too fails.

   7. AD 11 is a belt-and-suspenders assertion, as to which Gasper's claimed lack of standing to sue MedX LLC has already been set out at numerous places in the Answer itself.

   8. AD 12 is totally uninformative. If defendants can point to specific FLSA provisions, they must do so.

For the numerous reasons just identified here, all of the ADs are stricken, and defense counsel is also granted until October 29 to clean up his act as to any properly asserted ADs.

No charge is to be made to defendants by their counsel for the added work and expense incurred in correcting counsel's errors. Defense counsel is ordered to apprise his clients to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: October 16, 2012